SNEED, J.,
delivered the opinion of the Court.
In an action of replevin before a Justice of the county of Jackson, there was judgment against the defendant, and the case was taken by appeal into the Circuit Court. The proceedings before the Justice do not show that an appeal was prayed and granted; but an appeal bond was filed, dated of the day of the judgment before the Justice. "When the case was called in the Circuit Court, the plaintiff moved to dismiss the appeal, because the appeal bond was not, in fact, executed within the two first days after the judgment was rendered, and because it does not otherwise appear that an appeal was prayed' and granted. In support of this motion, the plaintiff introduced the Justice who rendered the judgment, and was permitted to prove, over the defendant’s objection, that the appeal was prayed and granted on the day of the trial, Monday, the 26th of October, 1868; and he gave him, the defendant, the form of the appeal bond, which the defendant brought back executed, and delivered to him on the Saturday following. The defendant asked leave of the Court to allow the Justice to amend the pleadings, so as to show that the appeal was regularly prayed and granted at the proper time. This motion the Court disallowed, and gave judgment dismissing the appeal, and awarding a procedendo to the J ustice.
The judgment of the Circuit Court was erroneous. The fact appears that the appeal was, in fact, prayed and granted; and the Justice should have been permitted to *631 amend so as to show the fact. It does not affirmatively appear that the bond was not executed in time. Upon the face of the bond it appears that it was executed on the' day of the rendition of the judgment; but the parol proof shows that it was not filed within the time prescribed by law. The presumption of the law would be, that the bond was executed on the day it purports to be; and the fact appears that it was actually accepted and filed by the Justice. We think this practice is rather technical to be applied to the proceedings before Justices. This very question, whether, after the appeal is prayed and granted, the Justice might allow the bond to be given after the two days allowed for appealing had elapsed, was reserved by Judge McKinney in Gilbert v. Driver, 3 Head, 463; and the intimation is, that it might be done. We are unaware, however, of any definite adjudication upon the question. The most liberal intendment is allowed, and indeed prescribed by our law, in favor of the regularity of all proceedings before Justices. A substantial compliance with the requirements of the law is sufficient to render the proceedings before this tribunal valid for all purposes, so far as the parties litigant are concerned, and all persons claiming under them: Code, 4132. The Code provides, in emphatic terms, that no civil case originating before a Justine, and carried to a higher court, shall be dismissed by such court for any formality whatever, but shall be tried on its rirerits, and the court shall allow all amendments necessary to reach the merits: Code, 4177. The important inquiry is, was an appeal prayed and granted? The bond returned to the Circuit Court with the papers is *632 prima fade evidence that an appeal was prayed and granted; but this presumption may be rebutted by proof that 'an appeal was not prayed and obtained within the time allowed by law: Sec. 4178. It has often been held by this Court, that an appeal prayed and granted after the two days, would be dismissed; that, after the expiration of the two days, the Justice has no jurisdiction to grant an appeal. But we apprehend it has never been determined, in reference to proceedings before a Justice, that when the appeal was really prayed and granted within the time, it would be fatal to the appeal if the bond happened to be executed afterwards. The Code requires the Circuit Court, in appeals from Justices, to supply any defect in the proceedings of the inferior jurisdiction, as though the suit had been commenced in the Circuit Court: Sec. 2875. This would unquestionably authorize the Court, when it appeared that the appeal had been prayed and granted within the -time, if the bond was informal or irregular, to have the same amended and perfected, rather than dismiss the appeal. It is true that it is provided, that before the appeal is granted, the person appealing shall give bond, with good security, for the prosecution of the appeal :7 Sec. 3141. But this provision is directory to the Justice, and does not deprive •him of the right to exercise a sound discretion in the matter. A substantial compliance is all that is necessary. Many cases might occur where, after appeal prayed, the absence of the security might demand an indulgence of a few days in executing the bond. In such a case, it would be a harsh rule that, after appeal prayed, it should be defeated by a technical observance of the let *633 ter of the law. We know that, in appeals from the Chancery Courts to this Court, which are required to be granted upon bond and security, during term time,' it is the common practice to allow the bonds to be executed after the adjournment of the court. We are not disposed to prescribe a harsher rule to these domestic tribunals, whose irregularities of proceeding the law regards with the utmost indulgence. The sole object of the appeal bond is to secure the successful party in his debt or his costs, or both, as the case may be. It has this virtue, if it be a good common law bond, whether it be taken in exact conformity to the statute or not. Before the -liberal provisions of the Code, it was held that an appeal bond executed after the time for appeal had elapsed, was a nullity: McAlister v. Scrice, 7 Yer., 277; Bayley v. Hazard, 3 Yer., 487. But these decisions have reference to proceedings in the old County Court. As we have already observed, the practice of permitting bonds to be executed for appeals from courts of record, out of term time, has long been sanctioned by this Court; and we are not permitted to ignore the liberal provisions of our statutes, when a like rule is sought to be applied to the proceedings before a Justice. The Court, in this case, should have permitted the Justice to amend, that it might be shown that the appeal was prayed and granted: Lawler v. Howard, Megis’ Rep., 15. This fact appearing, the bond, accepted and filed after the appeal was granted, was not fatal to the appeal. If defective or irregular, the proper practice would have been to have amended or perfected it: Code, 2875. While it is safest and best for the Justice in all cases to conform *634 to the exact requirements of the statute, yet a substantial compliance is all that the law demands of him. We hold, therefore, that when it appears that an appeal was prayed and granted from the judgment of a Justice of of the Peace, within the time prescribed by law, the mere fact that the appeal bond was executed afterward, ■if accepted and filed by the Justice, will not vitiate the appeal.
The judgment is reversed, and the cause remanded for trial upon its merits.